One more case that's being argued with just one side arguing, Corley v. Hardy. Mr. Corley, are you on the phone? Yes, Mr. Corley here, Appellant Pro Se. Go ahead. All right, so this case is very clear cut based on my brief, which the defendants rarely argue any viable rebuttal to it. And the first issue is the motion for recusal. And it's very clear on the facts, on the record, that Judge Fehler, who presided over this case, was biased and legally should have recused herself under 28 U.S.C. 455 because she served as government counsel during the time that Appellant's case was before the Southern District of New York. She was chief of the appeals unit at the same time that my case was pending before in the Southern District of New York. So there was no discretion on this matter. She must recuse herself, and she refused to do so. The other issue is even if we say that 455 doesn't apply, there's the appearance of partiality. Why do we need a judge that served as a prosecutor at the same time that Appellant's case is pending? You know, there's a lot of other judges. It's not the fact that she was a prosecutor before, but she was a prosecutor exactly at that time. Mr. Corley, by the way, half of the federal trial judges are former prosecutors. No, I understand that. That's not the issue. The issue is that during the same time, and also the allegations are similar, that eventually the federal court picked up my case from the state court. This case is relating to a civil matter regarding issues that happened in the state. So that's my last point on that. The next issue is— Mr. Corley, Mr. Corley, excuse me. I have a side question. You are not currently incarcerated, right? Technically, I am what they call a halfway house. So I am— Yeah. Technically, I'm physically under BOP custody. I am under BOP custody. You are still suffering the consequences of the conviction. That's what I wanted to establish. Thank you very much. Okay. Thank you, sir. All right. The next issue is the motion for entry of default. Clearly, Judge Wittner, Port and Files Incorporated, Mr. Michael J. Barry, all of them failed to respond or answer within the timeframe set by the original judge on this case, which was Judge Codal. He set a time for the defendants to respond to the complaint, and they missed that time. And once the time was missed, I filed my motion for the entry of default, and neither defendant attempted to raise why they had good cause to default. And the matter to default was mandatory, and it was non-discretionary under the current case law in this court. And that's the issue on that.  The court rarely addresses specifically the facts that I raised, except the court just glosses over them and just says, oh, this is conclusory, which is a lot of courts do. But the problem is the court never breaks down what the elements are that must be proved, what must be there in the complaint so that it's non-conclusory. The court never addresses those issues. And when I bring specifically different factual issues that challenges why it's not conclusory, the court glosses over it, and the defendants as well fail to address them. So there's a lot of issues with the motion to dismiss. They're all broken down clearly in my brief, and you can review that. The next issue is the Heck Doctrine. The court actually does something very novel in this case. So initially, my case is a state case. It was for promotion of prostitution, all state charges. Now, the state charges were dismissed as a favorable termination, and I was granted a certificate of disposition in my favor, which was posted on the docket for the court to see. Now, according to Heck, at that point, as things are going, that's considered a favorable termination under the Heck Doctrine. However, the court says because the federal charges were picked up and were related to the state charges, and because I was convicted in federal court and not state court, that because of that, that should link to the original charges, and therefore the original termination in my favor shouldn't matter anymore. Now, there's the distinction. You have one minute, Mr. Corley, one minute. The clear distinction is that the time frames between the state and federal charges are different, meaning that if I'm guilty of the federal charges, that doesn't necessarily mean I'm guilty of the state and vice versa. And also, the charges are completely different, so the court should consider that. The next issue is absolute immunity. The judge and the prosecutors are not immune for acts done related to investigatory matters, nor are they for bribes which are alleged in the complaint, nor are they for actual crimes being committed, in this case, promotion of prostitution and compelling prostitution. And the last two issues is supplemental jurisdiction. The court abuses discretion into applying that to the state law claims that exist against certain defendants, and leave to amend should have been granted had the court broke down which elements were missing. And clearly, though some issues were not raised in my original complaint, they were presented throughout the motion practice, and other evidence was presented that could be added to the complaint to make it stronger. However, the court stated that because I was granted leave to amend in a separate, although related case, that I should not be granted leave to amend. Thank you so much. Mr. Corley, you've done a very impressive job. You're very articulate, so thank you for your presentation. The last case is on submission. Accordingly, I'll ask the deputy to adjourn. Court then adjourned.